IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNIFIED MESSAGING SOLUTIONS LLC,<br><br>               Plaintiff,<br><br>v.<br><br>GOOGLE INC., AMERICAN AIRLINES, INC., AOL INC., AT&T INC., AT&T SERVICES, INC., AT&T MOBILITY LLC F/K/A CINGULAR WIRELESS LLC, CITIGROUP INC., CITIBANK, N.A., CONN'S, INC., CONN APPLIANCES, INC., DELL INC., EBAY INC., SABRE HOLDINGS CORPORATION, TRAVELOCITY.COM LP, TIME WARNER CABLE INC., TWITTER INC., and  YAHOO! INC.,<br><br>               Defendants. | Civil Action No. 6:11cv464<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Unified Messaging Solutions LLC files this Complaint against Google Inc., American Airlines, Inc., AOL Inc., AT&T Inc., AT&T Services, Inc., AT&T Mobility LLC f/k/a Cingular Wireless LLC, Citigroup Inc., Citibank, N.A., Conn's, Inc., Conn Appliances, Inc., Dell Inc., eBay Inc., Sabre Holdings Corporation, Travelocity.com LP, Time Warner Cable Inc., Twitter Inc., and Yahoo! Inc. (collectively, "Defendants") for infringement of U.S. Patent No. 6,857,074 ("the '074 patent"), U.S. Patent No. 7,836,141 ("the '141 patent"), U.S. Patent No. 7,895,306 ("the '306 patent"), U.S. Patent No. 7,895,313 ("the '313 patent"), and/or U.S. Patent No. 7,934,148 ("the '148 patent").

## THE PARTIES

1. Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

2. Google Inc. ("Google") is a Delaware corporation with its principal place of business in Mountain View, California. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

3. American Airlines, Inc. ("American Airlines") is a Delaware corporation with its principal place of business in Fort Worth, Texas. This Defendant may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant does business in the State of Texas and in the Eastern District of Texas.

4. AOL Inc. ("AOL") is a Delaware corporation with its principal place of business in New York, New York. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

5. AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

6. AT&T Services, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

7. AT&T Mobility LLC f/k/a Cingular Wireless LLC (with AT&T Inc. and AT&T Services, Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

8. Citigroup Inc. is a Delaware corporation with its principal place of business in New York, New York. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

9. Citibank, N.A. (with Citigroup Inc., "Citibank") is a banking subsidiary of Citigroup Inc. with its principal place of business in New York, New York. This Defendant may be served with process through its President and Chief Operating Officer, John Havens, 399 Park Avenue, New York, New York 10022, or its Corporate Secretary and General Counsel, Michael Helfer, 399 Park Avenue, New York, New York 10022. This Defendant does business in the State of Texas and in the Eastern District of Texas.

10. Conn's, Inc. is a Delaware corporation with its principal place of business in Beaumont, Texas. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

11. Conn Appliances, Inc. (with Conn's, Inc., "Conn's") is a Texas corporation with its principal place of business in Beaumont, Texas. This Defendant may be served with process through its registered agent, Sydney K. Boone, Jr., 3295 College Street, Beaumont, Texas 77701. This Defendant does business in the State of Texas and in the Eastern District of Texas.

12. Dell Inc. ("Dell") is a Delaware corporation with its principle place of business in Round Rock, Texas. This Defendant may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. This Defendant does business in the State of Texas and in the Eastern District of Texas.

13. eBay Inc. ("eBay") is a Delaware corporation with a principal place of business in San Jose, California. This Defendant may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062. This Defendant does business in the State of Texas and in the Eastern District of Texas.

14. Sabre Holdings Corporation is a Delaware corporation with its principal place of business in Southlake, Texas. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

15. Travelocity.com LP (with Sabre Holdings Corporation, "Travelocity") is a Delaware limited partnership with its principal place of business in Southlake, Texas. This

Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

16. Time Warner Cable Inc. ("Time Warner Cable") is a Delaware corporation with its principal place of business in New York, New York.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

17. Twitter, Inc. ("Twitter") is a Delaware corporation with its principal place of business in San Francisco, California (and additional offices and servers in San Antonio, Texas). This Defendant may be served with process through its registered agent, Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

18. Yahoo! Inc. ("Yahoo") is a Delaware corporation with its principal place of business in Sunnyvale, California.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

19. Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

20. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

21. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

22. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

23. Unified Messaging incorporates paragraphs 1 through 22 herein by reference.

24. Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '074 patent is attached as Exhibit A.

25. The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

26. Defendants have directly infringed and continue to directly infringe one or more claims of the '074 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and

methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

27. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count I. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

28. Unified Messaging incorporates paragraphs 1 through 22 herein by reference.

29. Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '141 patent is attached as Exhibit B.

30. The '141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

31. Defendants have directly infringed and continue to directly infringe one or more claims of the '141 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective

web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

32. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count II. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT III**

(INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

33. Unified Messaging incorporates paragraphs 1 through 22 herein by reference.

34. Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '306 patent is attached as Exhibit C.

35. The '306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

36. Defendants have directly infringed and continue to directly infringe one or more claims of the '306 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective

web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

37. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count III. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

38. Unified Messaging incorporates paragraphs 1 through 22 herein by reference.

39. Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '313 patent is attached as Exhibit D.

40. The '313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

41. Defendants have directly infringed and continue to directly infringe one or more claims of the '313 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 12, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective

web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

42. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count IV. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

(INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

43. Unified Messaging incorporates paragraphs 1 through 22 herein by reference.

44. Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit E.

45. The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

46. Defendants have directly infringed and continue to directly infringe one or more claims of the '148 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective

web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

47. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count V. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## ILLUSTRATIVE INFRINGMENTS

48. Unified Messaging incorporates paragraphs 1 through 47 herein by reference.

49. Google has committed direct infringement as alleged in Counts I through V at least through operation of its webmail service accessible at least through its website, www.gmail.com.

50. American Airlines has committed direct infringement as alleged in Counts I through V at least through operation of its AAdvantage™ eSummary and My Reservations features accessible through its website, www.aa.com.

51. AOL has committed direct infringement as alleged in Counts I through V at least through operation of its webmail service accessible through its website, mail.aol.com.

52. AT&T has committed direct infringement (i) as alleged in Counts II through V through least through operation of its webmail service accessible through its websites www.att.com and/or www.att.net, (ii) as alleged in Counts I through V at least through operation of its online statement delivery services accessible through its website www.att.com, and (iii) as alleged in Count I at least through operation of its multimedia messaging service accessible through wireless devices operating on the AT&T wireless network.

53. Citibank has committed direct infringement as alleged in Counts I through V at least through operation of its online statement and account activity services accessible through its website, www.citibank.com.

54. Conn's has committed direct infringement as alleged in Counts I through V at least through operation of its My Orders feature accessible through its website www.conns.com.

55. Dell has committed direct infringement as alleged in Counts I through V at least through operation of its My Order Status feature accessible through its website, www.dell.com.

56. eBay has committed direct infringement as alleged in Counts I through V at least through operation of its Messages feature accessible through its website, my.ebay.com.

57. Time Warner Cable has committed direct infringement as alleged in Counts I through V at least through operation of its webmail service accessible through its website, www.rr.com, and (ii) as alleged in Counts I through V at least through operation of its PayXpress service accessible through its website, www.timewarnercable.com.

58. Travelocity has committed direct infringement as alleged in Counts I through V at least through operation of its Upcoming Trips feature accessible through its website, travel.travelocity.com.

59. Twitter has committed direct infringement as alleged in Counts I through V at least through operation of its Direct Messages feature accessible through its website, www.twitter.com.

60. Yahoo has committed direct infringement as alleged in Counts I through V at least through operation of its webmail service accessible through its website, www.yahoo.com.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court find in its favor and against Defendants, and that the Court grant Unified Messaging the following relief:

a.  Judgment that one or more claims of the '074, '141, '306, '313, and '148 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

b.  Judgment that Defendants account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendants' infringing activities and other conduct complained of herein;

c.  Judgment that Defendants account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.  That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.  That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  September 7, 2011                              Respectfully submitted,

/s/Edward R. Nelson, III (w/permission WH)
Edward R. Nelson, III
Texas State Bar No. 00797142
Attorney-in-Charge
Brent N. Bumgardner
Texas State Bar No. 00795272
Christie B. Lindsey
Texas State Bar No. 24041918
Thomas C. Cecil
Texas State Bar No. 24069489

        NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net
bbumgarnder@nbclaw.net
clindsey@nbclaw.net
tcecil@nbclaw.net

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX  75606
(903) 757-8449
(903) 758-7397 (fax)
ema@emafirm.com

**Attorneys for Plaintiff
Unified Messaging Solutions LLC**