IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNIFIED MESSAGING SOLUTIONS LLC,** | § § § | |
| **Plaintiff,** | § § | **No. 6:11-cv-464** |
| **v.** | § § | |
| **GOOGLE INC.,** *et al.*, | § § | **Jury Trial Demanded** |
| **Defendants.** | § | |

## CITI'S ANSWER TO COMPLAINT

Defendants Citigroup Inc. and Citibank, N.A. (collectively "Citi") answer Plaintiff's Complaint for Patent Infringement as follows:

### PARTIES

1. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 1.

2. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 2.

3. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 3.

4. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 4.

5. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 5.

6. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 6.

7. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 7.

8. Citi admits that Citigroup Inc. is a Delaware corporation with its principal place of business in New York, New York, but otherwise denies Plaintiff's allegations in paragraph 8.

9. Citi admits that Citibank, N.A. is a banking subsidiary of Citigroup Inc. with its principal place of business in New York, New York, but otherwise denies Plaintiff's allegations in paragraph 9.

10. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 10.

11. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 11.

12. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 12.

13. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 13.

14. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 14.

15. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 15.

16. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 16.

17. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 17.

18. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 18.

## JURISDICTION AND VENUE

19. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 19.

20. With respect to Plaintiff's allegations in paragraph 20, Citi does not contest that this Court has subject matter jurisdiction with respect to this matter.

21. Citi denies the allegations in paragraph 21.

22. To the extent the allegations in paragraph 22 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in paragraph 22 are directed against Citi, Citi does not contest personal jurisdiction with respect to this matter but otherwise denies the allegations in paragraph 22.

## COUNT 1: [ALLEGED] PATENT INFRINGEMENT ('074 PATENT)

23. In response to paragraph 23, Citi incorporates by reference its responses to paragraphs 1-22 as if fully set forth herein.

24. Citi admits only that the '074 patent is entitled "Systems and Methods for Storing, Delivering, and Managing Messages." Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 24.

25. Citi denies Plaintiff's allegations in paragraph 25.

26. To the extent the allegations in paragraph 26 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those

allegations. To the extent the allegations in paragraph 26 are directed against Citi, Citi denies the allegations.

27. To the extent the allegations in paragraph 27 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in paragraph 27 are directed against Citi, Citi denies the allegations.

## COUNT 2: [ALLEGED] PATENT INFRINGEMENT ('141 PATENT)

28. In response to paragraph 28, Citi incorporates by reference its responses to paragraphs 1-27 as if fully set forth herein.

29. Citi admits only that the '141 patent is entitled "Systems and Methods for Storing, Delivering, and Managing Messages." Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 29.

30. Citi denies Plaintiff's allegations in paragraph 30.

31. To the extent the allegations in paragraph 31 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in paragraph 31 are directed against Citi, Citi denies the allegations.

32. To the extent the allegations in paragraph 32 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in paragraph 32 are directed against Citi, Citi denies the allegations.

## COUNT 3: [ALLEGED] PATENT INFRINGEMENT ('306 PATENT)

33. In response to paragraph 33, Citi incorporates by reference its responses to paragraphs 1-32 as if fully set forth herein.

34. Citi admits only that the '306 patent is entitled "Systems and Methods for Storing, Delivering, and Managing Messages." Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 34.

35. Citi denies Plaintiff's allegations in paragraph 35.

36. To the extent the allegations in paragraph 36 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in paragraph 36 are directed against Citi, Citi denies the allegations.

37. To the extent the allegations in paragraph 37 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in paragraph 37 are directed against Citi, Citi denies the allegations.

**COUNT 4: [ALLEGED] PATENT INFRINGEMENT ('313 PATENT)**

38. In response to paragraph 38, Citi incorporates by reference its responses to paragraphs 1-37 as if fully set forth herein.

39. Citi admits only that the '313 patent is entitled "Systems and Methods for Storing, Delivering, and Managing Messages." Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 39.

40. Citi denies Plaintiff's allegations in paragraph 40.

41. To the extent the allegations in paragraph 41 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those

allegations.  To the extent the allegations in paragraph 41 are directed against Citi, Citi denies the allegations.

42. To the extent the allegations in paragraph 42 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in paragraph 42 are directed against Citi, Citi denies the allegations.

## COUNT 5: [ALLEGED] PATENT INFRINGEMENT ('148 PATENT)

43. In response to paragraph 43, Citi incorporates by reference its responses to paragraphs 1-42 as if fully set forth herein.

44. Citi admits only that the '148 patent is entitled "Systems and Methods for Storing, Delivering, and Managing Messages."  Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 44.

45. Citi denies Plaintiff's allegations in paragraph 45.

46. To the extent the allegations in paragraph 46 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in paragraph 46 are directed against Citi, Citi denies the allegations.

47. To the extent the allegations in paragraph 47 are directed against defendants other than Citi, Citi lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in paragraph 47 are directed against Citi, Citi denies the allegations.

## [ALLEGED] ILLUSTRATIVE INFRINGEMENTS

48. In response to paragraph 48, Citi incorporates by reference its responses to paragraphs 1-47 as if fully set forth herein.

49. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 49.

50. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 50.

51. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 51.

52. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 52.

53. Citi denies Plaintiff's allegations in paragraph 53.

54. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 54.

55. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 55.

56. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 56.

57. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 57.

58. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 58.

59. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 59.

60. Citi lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 60.

## JURY DEMAND

No response is required to Plaintiff's jury demand.

## PRAYER FOR RELIEF

Citi denies that Plaintiff is entitled to any of the relief requested in paragraphs a. – e. of its Prayer for Relief, or to any relief whatsoever from Citi. Citi specifically denies committing, or being liable for, any act of infringement.

## CITI ADDITIONAL DEFENSES

1. Venue is improper to Citi.

2. Citi has not infringed and is not infringing any valid claim(s) of the '074, '141, '306, '313, and '148 patents.

3. The claims of the '074, '141, '306, '313, and '148 patents are invalid, void and/or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

4. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches, waiver, and/or estoppel.

5. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

6. Plaintiff's Complaint fails to state a claim for which relief can be granted.

7. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to reasonably mitigate its damages, if any.

8. The unrelated defendants have been improperly joined together in this action.

Date:  October 31, 2011　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　<u>/s/  Edwin R. DeYoung　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　Edwin R. DeYoung
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 05673000
　　　　　　　　　　　　　　　　　　　　　　Roy W. Hardin
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 08968300
　　　　　　　　　　　　　　　　　　　　　　Roger Brian Cowie
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00783886
　　　　　　　　　　　　　　　　　　　　　　M. Scott Fuller
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24036607
　　　　　　　　　　　　　　　　　　　　　　Galyn Gafford
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24040938
　　　　　　　　　　　　　　　　　　　　　　LOCKE LORD LLP
　　　　　　　　　　　　　　　　　　　　　　2200 Ross Avenue, Suite 2200
　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas  75201-6776
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (214) 740-8000
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (214) 740-8800
　　　　　　　　　　　　　　　　　　　　　　E-mail: edeyoung@lockelord.com

　　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANTS
　　　　　　　　　　　　　　　　　　　　　　CITIGROUP INC. AND CITIBANK, N.A.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 31st day of October, 2011.

                                            /s/ Galyn Gafford