IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS LLC,**<br><br>        Plaintiff,<br><br>**v.**<br><br>**GOOGLE, INC., et al.,**<br><br>        Defendants. | Civil Action No. 6:11cv464<br><br>**JURY TRIAL DEMANDED** |

**DOCKET CONTROL ORDER**

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **September 9, 2013**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.<br><br>**EXHIBITS: See order below regarding exhibits.** |
| **September 3, 2013**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. |
| **August 22, 2013**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.<br><br>All pending motions will be heard. |
| **August 19, 2013** | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| **August 15, 2013** | **Responses to Motions in Limine due**. |
| **August 12, 2013** | **Pretrial Objections due**. |

| | |
|---|---|
| **August 9, 2013** | **Motions in Limine due**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| **August 2, 2013** | **Objections to Rebuttal Deposition Testimony due**. |
| **July 26, 2013** | **Rebuttal Designations and Objections to Deposition Testimony due**. Cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| **July 16, 2013** | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due**. Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| **July 22, 2013** | **Second mediation to be completed.** |
| **July 22, 2013** | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **July 1, 2013**<br><br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **June 28, 2013** | **Parties to Identify Rebuttal Trial Witnesses**.<br><br>**Pretrial Disclosures due**.<br><br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| **June 18, 2013** | **Parties to Identify Trial Witnesses; Amend Pleadings** (after *Markman* Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would effect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |

2

| | |
|---|---|
| **April 30, 2013** | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions**.  See the Court's website for further information. |
| **April 12, 2013** | **Expert Discovery Deadline.  Close of expert discovery.** |
| **March 8, 2013** | **Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due**.  Refer to Local Rules for required information. |
| **February 8, 2013** | **Parties with burden of proof designate expert witnesses (non-construction issues)**.  Expert witness reports due.  Refer to Local Rules for required information. |
| **January 25, 2013** | **Fact Discovery Deadline.  Close of fact discovery.** |
| **January 15, 2013** | **Document Production Deadline.** |
| **January 14, 2013** | **Comply with P.R.3-7 - Furnishing documents and privilege logs pertaining to willful infringement**. |
| **September 13, 2012**<br><br>Court designated date – not flexible without good cause – Motion Required | *Markman* **hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| **September 7, 2012** | **First mediation to be completed.**  James W. Knowles, 1966 One American Center, 909 ESE Loop 323, Suite 410, Tyler, Texas 75701, (903) 534-3800 is appointed as mediator in this cause.  Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  See Appendix H to Local Rules, available at the Court's website at www.txed.uscourts.gov |
| **August 30, 2012** | **P.R. 4-5(d) Chart due**.  Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d).<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.**  The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |

3

| | |
|---|---|
| **August 23, 2012** | **Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.** The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction. The filing party is to provide the Court with 2 binders containing their reply brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.** The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **August 8, 2012** | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **July 31, 2012** | **Tutorials due.** Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| **July 26, 2012** | **Discovery Deadline - Claim Construction Issues.** |
| **July 18, 2012** | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.** See the Court's website for further information. |
| **July 12, 2012** | **Respond to Amended Pleadings**. |

| | |
|---|---|
| **July 11, 2012** | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. <br><br> Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **July 5, 2012** | Proposed Technical Advisors due if one has not already been appointed. Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor.  If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court.  If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| **June 28, 2012** | **Amended Pleadings (pre-claim construction) due from all parties**.  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6(b) irrespective of whether the amendment is made prior to this deadline. |
| **June 11, 2012** | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement. |
| **May 11, 2012** | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence.  Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **April 6, 2012** | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |

| | |
|---|---|
| **March 20, 2012** | **Comply with P.R. 3-3 and 3-4** - Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b).<br><br>Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims.<br><br>Add any inequitable conduct allegations to pleadings. It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date. Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| **December 20, 2011** | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b).<br><br>Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| *No. of trial days* | **EXPECTED LENGTH OF TRIAL:** Depending on the number of Defendants involved with trial, the Parties estimate that trial will take 10 trial days, plus *voir dire* |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has 15 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

    (b)    The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

        (i)    The fact that there are motions for summary judgment or motions to dismiss pending;

        (ii)    The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

        (iii)    The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A.    ON FIRST DAY OF TRIAL, each party is required to have on hand the following:

    (1)    One copy of their respective original exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number. In addition, exhibits shall be placed in properly marked manilla folders and contained in a box with handles. (Do not tender to the Court until instructed).

    (2)    Three (3) hard copies of their exhibit list and witness list. These lists shall be tendered to the Courtroom Administrator at the beginning of trial.

B.    EXHIBIT LISTS DURING TRIAL:
    (1)    On the first day of trial, each party should be prepared to offer en masse, exhibits NOT objected to by opposing party and tender to the Court a list of said exhibits. Parties are directed to entitle the list, "Plaintiff's / Defendant's Exhibits Offered on (DATE)." This list will be marked as Plaintiff's / Defendant's Exhibit List 1.

    (2)    On the second day of trial and daily thereafter, parties shall offer any additional exhibits not objected to by opposing party and tender to the Court a list of said exhibits. Parties are directed to entitle the list, "Plaintiff's / Defendant's Exhibits Offered on (DATE). In addition to the "offered" list, parties shall tender to the Court a list entitled, "Plaintiff's / Defendant's Exhibits Admitted (DATE)." Said list should contain all exhibits that were on Plaintiff's Exhibit List 1 from the previous day, as

        well as any additional exhibits that were admitted during trial from the previous day.

    (3)    On the last day of trial, the parties shall tender to the Court a cumulative list entitled, "Plaintiff's / Defendant's Final List of All Admitted Exhibits."

    (4)    ALL ADMITTED EXHIBITS WILL BECOME PART OF THE RECORD AND WILL GO TO THE JURY.

    (5)    The Court urges the parties to meet and confer on a daily basis during trial regarding admission of exhibits, so as not to delay the trial proceedings.

C.    At the conclusion of the evidentiary phase of trial, each party is to gather only those exhibits admitted during trial and tender those to the Courtroom Administrator, along with a copy of their final list of exhibits including the description of exhibits for the Jury's use. The Courtroom Administrator shall verify the exhibits and final lists and tender to the jury for their deliberations.

D.    At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E.    SUBMISSION OF FINAL LISTS AND EXHIBITS: Within ten business days of the conclusion of trial, each party shall submit to the Court (to Chambers):

    (1)    A hard copy of Final Exhibit List of Exhibits Admitted During Trial, listing only the exhibits admitted at trial and making a notation of any sealed exhibit. In addition parties shall provide the Court a disk containing this document in WordPerfect or Word format. For Example: Plaintiff will tender a list entitled, "Plaintiff's Final Exhibit List of Exhibits Admitted During Trial."

    (2)    A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits.

    (3)    A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

F.    FILING AND STORAGE OF EXHIBITS: After receipt of final exhibit lists and exhibits, the Courtroom Administrator shall file and docket the parties' respective lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office, Tyler Division.

G.     **QUESTIONS REGARDING EXHIBITS:** All questions regarding exhibits, lists, and procedures shall be directed to Rosa Ferguson, Court Administrator via email: rosa_ferguson@txed.uscourts.gov.

**So ORDERED and SIGNED this 18th day of January, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**